IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:24-cv-00323-TRM-CHS |
| v. | )<br>) |
| SHIMMICK CORPORATION d/b/a SHIMMICK CONSTRUCTION COMPANY, INC., | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ANSWER

Defendant, Shimmick Construction Company, Inc., ("Shimmick" or "Defendant"), in answer to the Complaint states as follows:

As to the unnumbered first paragraph of the Complaint, Defendant admits that Plaintiff seeks to bring an action under the cited statutes. Defendant denies that it has engaged in any wrongdoing under the cited statutes or otherwise. Defendant denies the remaining allegations set forth in the first unnumbered paragraph of the Complaint.

1. Defendant admits that this court may exercise jurisdiction over this action.

2. Defendant denies that it has committed any unlawful employment practices within the venue of this court or elsewhere.

3. Defendant admits that Plaintiff is an agency of the federal government. Defendant denies that Plaintiff is authorized to institute this action as Plaintiff has failed to comply with statutory prerequisites to initiating this action, including a failure to conciliate.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

1

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint, although Defendant denies that it engaged in any wrongdoing as alleged in the underlying Charge.

8. Defendant denies the allegations set forth in Paragraph 8 as they are currently stated. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's beliefs. Defendant denies that Plaintiff engaged in conciliation as statutorily required.

9. Defendant admits that Plaintiff communicated with Defendant. Defendant denies that Plaintiff engaged in conciliation as statutorily required.

10. Defendant admits that the parties did not enter into a conciliation agreement. Defendant denies that Plaintiff's efforts to conciliate met Plaintiff's statutory obligations.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits that Potts began employment with Shimmick on or about September 18, 2019, as a Group AA Journeyman. Defendant denies any allegations set forth in Paragraph 15 that are inconsistent with this admission.

16. Defendant denies the vaguely and imprecisely worded allegations set forth in Paragraph 16 as they are currently stated.

17. Defendant admits that Defendant promoted Potts to Group AAA Journeyman and Tower Foreman during her employment. Defendant denies the remaining allegations set forth in Paragraph 17.

18. Defendant denies the allegations set forth in Paragraph 18 as they are currently stated. Further pleading, Defendant promoted Potts on or about September 28, 2020, to the position of Group AAA Journeyman. Defendant promoted Potts on or about October 5, 2020, to the position of Tower Foreman (Floater).

19. Defendant admits that it promoted Potts to the position of Tower Forman (Floater) after the departure of Walter Soriano. Defendant admits upon information and belief that Soriano was Potts' fiancé. Defendant denies the remaining allegations set forth in Paragraph 19.

20. Defendant denies the allegations set forth in Paragraph 20.

21. Defendant admits that its decision to promote Plaintiff to Tower Foreman (Floater) was due, in part, to her full range of crane certifications, allowing Defendant to assign her to multiple open crane positions as needed. Defendant further admits that, for a time, Plaintiff assisted with coordinating lifts. Defendant denies any allegation set forth in Paragraph 21 that is inconsistent with these admissions.

22. Defendant denies the allegations set forth in Paragraph 22 as they are currently stated, specifically that any alleged misconduct was "sex-based."

23. Defendant admits that on July 13, 2021, an anonymous report was made to Defendant's Employee Concern line alleging bullying related to Plaintiff. Defendant denies that the complaint reported "sex-based mistreatment."

24. Defendant admits that the reporter identified Christopher Burkhardt, Dan Lisella, and Steve Frazier in the Employee Concern line report. Defendant denies the remaining allegations set forth in Paragraph 24 that seek to characterize the substance of the report.

25. Defendant admits that the reporter alleged certain instances of bullying activity regarding Potts. Defendant denies the remaining allegations set forth in Paragraph 25 that seek to characterize the substance of the report.

26. Defendant admits the allegations set forth in Paragraph 26.

27. Defendant denies the allegations set forth in Paragraph 27 as they are currently stated, specifically denying that Potts confirmed any alleged mistreatment was "sex-based."

28. Defendant denies the allegations set forth in Paragraph 28 as they are currently stated. Further answering, Defendant's investigation substantiated some behavior that was not in keeping with Defendant's policies on mutual respect.

29. Defendant admits that it took prompt and effective remedial action after concluding its investigation. Defendant denies any allegations set forth in Paragraph 29 that are inconsistent with this admission.

30. Defendant admits that its prompt remedial actions included discipline and counseling of the individuals identified in Paragraph 30, including counseling as to adherence to Defendant's Diverse and Inclusive Workplace policy. Defendant denies the remaining allegations set forth in Paragraph 30 as they are currently stated.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and therefore denies same.

35. Defendant admits that on or about August 20, 2021, Defendant requested that Potts temporarily cover a crane operator opening on the night shift beginning the following Monday.

Defendant denies any allegations set forth in Paragraph 35 that are inconsistent with this admission.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant admits the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 as they are currently stated.

42. Defendant admits that because Potts worked the "floater" position, her job duties included temporarily filling in for absent crane operator positions, including on the night shift. Defendant denies the remaining allegations set forth in Paragraph 42.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant incorporates its responses to Paragraphs 14-42 of the Complaint.

48. Defendant admits that it held a meeting to re-emphasize Defendant's Diverse and Inclusive Workplace policy as well as the expectation of respectful behavior and that Lisella participated in that meeting. Defendant denies the remaining allegations set forth in Paragraph 48 as they are currently stated.

49. Defendant admits the allegations set forth in Paragraph 49, except that Defendant denies Plaintiff's characterization of the substance of the underlying complaint and investigation as "sex-based mistreatment."

50. Defendant admits that on August 20, 2021, Defendant requested that Potts temporarily cover a crane operator opening on the night shift beginning the following Monday. Defendant denies the remaining allegations set forth in Paragraph 50.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant admits that on or about February 8, 2021, it assigned Quarles, the Union Steward, to a position on day shift. Defendant denies the remaining allegations set forth in Paragraph 54.

55. Defendant admits that Potts quit without notice on or about August 20, 2021. Defendant denies the remaining allegations set forth in Paragraph 55 of the Complaint.

56. Defendant admits that Plaintiff quit and left the job site on or about August 20, 2021. Defendant denies the remaining allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 as they are currently stated. Further pleading, Defendant originally designated Potts as a voluntary quit. The International Union of Operating Engineers (IUOE) subsequently filed a grievance on behalf of Potts. The IUOE and Defendant reached a tentative settlement of the grievance whereby Potts' voluntary quit would be re-designated as a reduction in force. A subsequent separation notice was then issued. Potts ultimately refused to sign the grievance settlement.

58. Defendant denies the allegations set forth in Paragraph 58 as they are currently stated. Further pleading, Defendant refers Plaintiff to Defendant's response to Paragraph 57.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies that Plaintiff or Potts are entitled to any of the relief sought in the Prayer of the Complaint.

65. Defendant denies any allegation in the Complaint not previously expressly admitted.

## Additional and Affirmative Defenses

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

1. Plaintiff's Complaint fails to state a claim upon which a relief may be granted, in whole or in part, and should be dismissed.

2. Some or all of Plaintiff's claims may be barred pursuant to the Administrative Procedures Act and Plaintiff's unreasonable delay in initiating this action.

3. Some or all of Plaintiff's claims may be barred by the doctrine of laches.

4. Plaintiff's claims are barred by Plaintiff's failure to conciliate.

5. To the extent any of Plaintiff's claims relate to matters outside the scope of a timely Charge of Discrimination, all such claims are barred by the applicable statute of limitations and for failure to exhaust administrative prerequisites.

6. Expressly denying that Potts has been damaged as asserted in the Complaint, Plaintiff and Potts' claims for damages or other monetary relief are barred to the extent Potts has failed to undertake reasonable efforts to mitigate any alleged losses claimed as a result of any purported action by Defendant.

7. To the extent any mitigation occurred, Defendant is entitled to a set off. Defendant is further entitled to a set off for any interim earnings Potts has received.

8. The alleged retaliatory actions or decisions of Defendant's agents and employees that are described in the Complaint are contrary to Defendant's good faith, honest efforts to comply with Title VII.

9. If any improper, illegal, or retaliatory acts were taken by any person against Potts, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

10. All of Defendant's decisions concerning Potts were made on legitimate non-retaliatory grounds and are not the result of any intent or purpose, past or present, to retaliate unlawfully.

11. The imposition of punitive damages would deprive Defendant of its rights under the U.S. Constitution and the Tennessee Constitution.

12. Some or all of Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

13. Plaintiff's claims may be barred by the same-actor inference.

8

14. Any acts or conduct of Defendant with regard to Potts were taken in good faith and with reasonable grounds for honestly believing that such acts or omissions were not in violation of the law.

15. Defendant took prompt and appropriate remedial action in response to any complaint of inappropriate comments or conduct.

16. Defendant reserves the right to assert such additional and affirmative defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant, having fully answered the Complaint, prays that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs and attorneys' fees as well as other further relief which may be deemed just and proper by this Court. Defendant requests a jury.

Respectfully submitted,

*/s/ William S. Rutchow*
William S. Rutchow, TN #17183
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908
william.rutchow@ogletree.com

Luci L. Nelson, TN #36354
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601
Telephone: 864-271-1300
luci.nelson@ogletree.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 25th of November 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Karla Gilbride, General Counsel
Christopher Lage, Deputy General Counsel
Faye A. Williams, Regional Attorney
Equal Employment Opportunity Commission
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
Telephone: 901-685-4609
faye.williams@eeoc.gov

Raquel A. Cato, Trial Attorney
Marcerious D. Knox, Trial Attorney
Equal Employment Opportunity Commission
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
Telephone: 615-736-5784
raquel.cato@eeoc.gov
marcerious.knox@eeoc.gov

Gary Sullivan, Assistant Regional Attorney
Equal Employment Opportunity Commission
Little Rock Area Office
820 Louisiana street, Suite 200
Little Rock, AR 72201
Telephone: 501-900-6140
gary.sullivan@eeoc.gov

*/s/ William S. Rutchow*